IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

MICHAEL J. PETROS,

    Plaintiff,

v.                                             Civil Action No. 5:10CV77
                                                               (STAMP)

PAUL BOOS and
CITY OF WHEELING, WEST VIRGINIA,

    Defendants.

**MEMORANDUM OPINION AND ORDER
GRANTING DEFENDANTS' MOTION TO DISMISS;
DENYING PLAINTIFF'S MOTION TO PREVENT DISMISSAL;
DIRECTING THE DEFENDANTS TO FILE A BILL OF COSTS;
AND SCHEDULING A HEARING ON ATTORNEYS' FEES
AND A PRE-FILING INJUNCTION**

I.  Background

Michael J. Petros filed a complaint, proceeding pro se[1] and in forma pauperis,[2] against Paul Boos and the City of Wheeling, West Virginia. The plaintiff's grievance arises from his termination as a city sanitation employee. The plaintiff has brought at least thirteen civil suits arising from the same transactions.[3] In his present complaint, Petros requests eighty million dollars in

---

[1] "Pro se" describes a person who represents himself in a court proceeding without the assistance of a lawyer. Black's Law Dictionary 1341 (9th ed. 2009).

[2] "In forma pauperis" describes the permission granted to a poor person to proceed without liability for court fees or costs. Black's Law Dictionary 849 (9th ed. 2009).

[3] The parties point to twelve similar lawsuits, but did not list the most current Northern District of West Virginia suit, Petros v. City of Wheeling, et al., Civil Action No. 5:05-cv-140.

damages and a trial by jury. The defendants filed a motion to dismiss. In response, the plaintiff filed a motion to prevent dismissal.

## II. Applicable Law

In assessing a motion to dismiss for failure to state a claim under Rule 12(b)(6), a court must accept all well-pled facts contained in the complaint as true. Nemet Chevrolet, Ltd v. Consumeraffairs.com, Inc, 591 F.3d 250, 255 (4th Cir. 2009). However, "legal conclusions, elements of a cause of action, and bare assertions devoid of further factual enhancement fail to constitute well-pled facts for Rule 12(b)(6) purposes." Id. (citing Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009)). This Court also declines to consider "unwarranted inferences, unreasonable conclusions, or arguments." Wahi v. Charleston Area Med. Ctr., Inc., 562 F.3d 599, 615 n.26 (4th Cir. 2009).

It has often been said that the purpose of a motion under Rule 12(b)(6) is to test the formal sufficiency of the statement of the claim for relief; it is not a procedure for resolving a contest about the facts or the merits of the case. 5B Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1356 (3d ed. 1998). The Rule 12(b)(6) motion also must be distinguished from a motion for summary judgment under Federal Rule of Civil Procedure 56, which goes to the merits of the claim and is designed to test whether there is a genuine issue of material fact. Id. For

purposes of the motion to dismiss, the complaint is construed in the light most favorable to the party making the claim and essentially the court's inquiry is directed to whether the allegations constitute a statement of a claim under Federal Rule of Civil Procedure 8(a). Id. § 1357.

A complaint should be dismissed "if it does not allege 'enough facts to state a claim to relief that is plausible on its face.'" Giarratano v. Johnson, 521 F.3d 298, 302 (4th Cir. 2008) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "Facial plausibility is established once the factual content of a complaint 'allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" Nemet Chevrolet, 591 F.3d at 256 (quoting Iqbal, 129 S. Ct. at 1949). Detailed factual allegations are not required, but the facts alleged must be sufficient "to raise a right to relief about the speculative level." Twombly, 550 U.S. at 555.

### III. Discussion

A. Res Judicata, Collateral Estoppel, and Statute of Limitations

Claim preclusion, also known as res judicata, "bars a party from suing on a claim that has already been 'litigated to a final judgment by that party or such party's privies and precludes the assertion by such parties of any legal theory, cause of action, or defense which could have been asserted in that action.'" Ohio Valley Envtl. Coal. v. Aracoma Coal Co., 556 F.3d 177, 210 (4th

Cir. 2009) (citing 18 James Wm. Moore et al., Moore's Federal Practice § 131.10(1)(a) (3d ed. 2008)).  Three elements must be met for a court to apply res judicata: "(1) a judgment on the merits in a prior suit resolving (2) claims by the same parties or their privies, and (3) a subsequent suit based on the same cause of action."  Id. (internal citations omitted).

In this case, all three elements are met.  The first element of res judicata, a prior final judgment, is satisfied as Petros's case was dismissed by the Circuit Court of Ohio County in Michael J. Petros v. Wheeling City Council Members, Civil Action No. 95-C-144, for failure to state a claim upon which relief can be granted.  Petros filed another compliant against the City of Wheeling in the United States District Court of the Northern District West Virginia in January 1998.  In Michael J. Petros v. City Council of Wheeling, Civil Action No. 5:97-CV-87, the plaintiff was again denied relief for failure to state a claim.  Dismissal of a complaint for failure to state a claim is a final judgment on the merits.  See Plaut v. Spendthrift Farm, Inc, 514 U.S. 211, 228 (1995) ("The rules of finality . . . treat a dismissal on statute of limitations grounds the same way they treat a dismissal for failure to state a claim . . .; as a judgment on the merits.").  Accordingly, the first element of res judicata has been satisfied with respect to his present complaint against the City of Wheeling.

The second element of res judicata has also been satisfied because the parties in the suits are the same. Specifically, Petros names in each of his actions the City of Wheeling and individual council members, including defendant Paul Boos in <u>Michael J. Petros v. Wheeling City Council Members</u>, Civil Action No. 95-C-144. Accordingly, the second element has been met.

Finally, the third element of res judicata has been met because this action has arisen out of the same controversy as Petros's previous actions. In his motion to prevent dismissal, the plaintiff admits that "the present action of dismissal arises from the same transactions which have previously been raised, at least twelve (12) times, in both federal and state courts." The plaintiff then states that the courts have repeatedly dismissed his cases, which has denied the plaintiff equal protection. Accordingly, the third element of res judicata has been satisfied.

The plaintiff's claim is also barred by collateral estoppel, which "precludes serial litigation of discrete issues of fact in some situations." <u>McHan v. Comm'r of the Internal Revenue</u>, 558 F.3d 326, 331, (4th Cir. 2009). The doctrine of collateral estoppel applies where, "(1) the identical issue (2) was actually litigated (3) and was critical and necessary to a (4) final and valid judgment (5) resulting from a prior proceeding in which the party against whom the doctrine is asserted had a full and fair opportunity to litigate the issue." <u>Id.</u> (internal citations

omitted). Here, it is undisputed, even by the plaintiff, that he is raising the identical issue that this Court and the state courts have dismissed several times in the past in which the plaintiff participated. Accordingly, the plaintiff is barred from bringing this suit by the doctrine of collateral estoppel.

Finally, the plaintiff is barred from bringing this suit as the statute of limitations on his claim, which occurred in 1990, has run.

B. <u>Attorneys' Fees</u>

The Supreme Court has held that a defendant may receive attorney's fees from a <u>pro se</u> plaintiff only where the court finds "that the plaintiff's action was frivolous, unreasonable, or groundless, or that the plaintiff continued to litigate after it clearly became so." <u>See</u> <u>Christiansburg Garmet Co., v. Equal Emp't Opportunity Comm'n.</u>, 434 U.S. 412, 422 (1978) (setting standard in action brought pursuant to Title VII of the Civil Rights Act of 1964); <u>see also</u> <u>Hughes v. Rowe</u>, 449 U.S. 5, 14 (1980) (applying same standard in civil rights action under 42 U.S.C. § 1983).

In determining whether to award fees, this Court must weigh several factors, including the financial position of the plaintiff, the reasonable value of the work actually performed on the case, the difficulty of the case, and the motivation of the plaintiff. <u>Arnold v. Burger King Corp.</u>, 719 F.2d 63, 68 (4th Cir. 1983). Accordingly, the defendants are directed to file a bill of costs

with this Court by October 25, 2010. The parties are directed to appear before this Court for a hearing on **November 1, 2010 at 1:15 p.m.** at the Wheeling point of holding court. This Court will hear from the parties regarding the bill of costs and whether to award attorneys' fees.

C. <u>Pre-filing Injunction</u>

The All Writs Act, 28 U.S.C. § 1651(a), provides federal courts with the power to limit access to the courts by "vexatious and repetitive litigants." <u>Cromer v. Kraft Foods N. Am., Inc</u>., 390 F.3d 812, 817 (4th Cir. 2004). This statutory power is tempered by a parties' constitutional guarantees of due process of law and access to the courts. U.S. Const. amend. XIV, § 1; <u>Cromer</u> 390 F.3d at 817.

A pre-filing injunction is a drastic remedy, which "must be used sparingly." <u>Cromer</u>, 390 F.3d at 817. The Fourth Circuit has prescribed a four-pronged evaluation for considering whether a pre-filing injunction is substantively warranted:

> [A] court must weigh all the relevant circumstances, including (1) the party's history of litigation, in particular whether he has filed vexatious, harassing, or duplicative lawsuits; (2) whether the party had a good faith basis for pursuing the litigation, or simply intended to harass; (3) the extent of the burden on the courts and other parties resulting from the party's filings; and (4) the adequacy of alternative sanctions.

<u>Cromer</u>, 390 F.3d at 818.

Before a court issues such an injunction, a litigant should receive notice and an opportunity to be heard. <u>Id.</u> at 819.

7

Accordingly, the parties are directed to appear before this Court for a hearing on **November 1, 2010 at 1:15 p.m.** at the Wheeling point of holding court. This Court will hear from the parties regarding the issuance of a pre-filing injunction at that time.

## IV. Conclusion

For the reasons stated above, the defendants' motion to dismiss is GRANTED and the plaintiff's motion to prevent dismiss is DENIED. The defendants are DIRECTED to submit a bill of costs to this Court on or before **October 25, 2010**. Further, the parties are DIRECTED to appear before this Court on **November 1, 2010 at 1:15 p.m.** for a hearing on both the issue of attorneys' fees and the issue of a pre-filing injunction.

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit copies of this order to the pro se plaintiff by certified mail and to counsel of record herein.

DATED:    October 18, 2010

/s/ Frederick P. Stamp, Jr.
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE