IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

MICHAEL J. PETROS,

  Plaintiff,

v.             Civil Action No. 5:10CV77
                    (STAMP)
PAUL BOOS and
CITY OF WHEELING, WEST VIRGINIA,

  Defendants.

**MEMORANDUM OPINION AND ORDER**
**GRANTING THE DEFENDANT CITY OF WHEELING'S**
**REQUEST FOR ATTORNEY'S FEES**
**AND ISSUING A PRE-FILING INJUNCTION**

I. Background

Michael J. Petros filed a complaint, proceeding pro se[1] and in forma pauperis,[2] against Paul Boos and the City of Wheeling, West Virginia. The plaintiff has brought at least thirteen civil suits arising from his termination as a city sanitation employee. The defendants filed a motion to dismiss, in which the City of Wheeling asked for attorney's fees and for this Court not to permit future actions to be filed on this matter under the application to proceed without fees. On October 18, 2010, this Court issued a memorandum opinion and order granting the defendants' motion to dismiss,

---

[1] "Pro se" describes a person who represents himself in a court proceeding without the assistance of a lawyer. Black's Law Dictionary 1341 (9th ed. 2009).

[2] "In forma pauperis" describes the permission granted to a poor person to proceed without liability for court fees or costs. Black's Law Dictionary 849 (9th ed. 2009).

denying the plaintiff's motion to prevent dismissal, and directing the defendants to file a bill of costs. On October 25, 2010, defendant City of Wheeling filed its bill of costs. In the October 18, 2010 memorandum opinion and order, this Court set forth the standards for both the award of attorney's fees and issuance of a pre-filing injunction and directed the parties to appear before this Court for a hearing on November 1, 2010. At the hearing on November 1, 2010, the parties appeared, plaintiff in person and defendant City of Wheeling by counsel, and discussed with this Court the bill of costs, the award of attorney's fees and the issuance of a pre-filing injunction. For the reasons set forth below, this Court issues a pre-filing injunction and awards the defendant City of Wheeling attorney's fees.[3]

## II. Discussion

### A. Pre-filing Injunction

The All Writs Act, 28 U.S.C. § 1651(a), provides federal courts with the power to limit access to the courts by "vexatious and repetitive litigants." Cromer v. Kraft Foods N. Am., Inc., 390 F.3d 812, 817 (4th Cir. 2004). This statutory power is tempered by a party's constitutional guarantees of due process of law and access to the courts. U.S. Const. amend. XIV, § 1; Cromer, 390 F.3d at 817.

---

[3]This memorandum opinion and order confirms the pronounced rulings of this Court made at the November 1, 2010 hearing.

A pre-filing injunction is a drastic remedy, which "must be used sparingly." Cromer, 390 F.3d at 817. The United States Court of Appeals for the Fourth Circuit has prescribed a four-pronged evaluation for considering whether a pre-filing injunction is substantively warranted:

> [A] court must weigh all the relevant circumstances, including (1) the party's history of litigation, in particular whether he has filed vexatious, harassing, or duplicative lawsuits; (2) whether the party had a good faith basis for pursuing the litigation, or simply intended to harass; (3) the extent of the burden on the courts and other parties resulting from the party's filings; and (4) the adequacy of alternative sanctions.

Cromer, 390 F.3d at 818.

Before a court issues such an injunction, a litigant should receive notice and an opportunity to be heard. Id. at 819. As mentioned above, this Court heard from plaintiff Petros and counsel for the defendant City of Wheeling regarding the issuance of a pre-filing injunction at the November 1, 2010 hearing. Before examining each prong, this Court notes that, because the plaintiff is proceeding pro se, this Court is approaching this issue "with particular caution," understanding that a pre-filing injunction against a pro se plaintiff should "remain very much the exception to the general rule of free access to the courts." Id. (internal citations omitted). Furthermore, this Court has liberally construed the plaintiff's pleadings throughout the proceeding. See Haines v. Kerner, 404 U.S. 519 (1971) (holding pro se complaint

3

to less stringent standards than formal pleadings drafted by lawyers).

After review of the factors enumerated in Cromer, this Court finds that all four of the factors weigh heavily in favor of issuing a pre-filing injunction. A court "should not in any way limit a litigant's access to the courts absent exigent circumstances, such as a litigant's continuous abuse of the judicial process by filing meritless and repetitive actions." Id. at 817-18. This Court is aware of at least thirteen suits in either state court or this federal court, all arising from the same transaction or occurrence. The plaintiff admits bringing at least twelve similar suits. This Court finds that the plaintiff has engaged in vexatious and harassing conduct and that his lawsuits have been duplicative. Accordingly, the first prong has been met as the plaintiff has admittedly brought duplicative lawsuits.

In his motion to prevent dismissal, the plaintiff states that he cannot deny that he has "failed somewhat" by failing to "deliver a valid case" to this Court in the past. He reiterates on multiple occasions that he is raising the same matters and that the courts are incorrectly denying him relief. He states that "[f]ailure to ascertain my obvious handi-cap by the City of Wheeling and its affiliates concerning the law may result in further action and to raise the requested amount of claims and damages." After reviewing the pleadings, this Court finds that the plaintiff is not pursuing

4

the litigation in good faith, but intends on harassing the defendants until he achieves a victory on the merits. The plaintiff's lawsuits have become a burden on the courts and particularly on defendant City of Wheeling.[4] Accordingly, the second prong weighs in favor of a pre-filing injunction.

The defendants have defended against several lawsuits. In its motion to dismiss, the defendants state that the city's legal department has fees and costs of $1,500.00. This factor weighs in support of a pre-filing injunction.

Lastly, this Court has considered alternative sanctions and finds no appropriate alternative sanction. Most recently, the state court sanctioned the plaintiff on February 6, 2009 for bringing this same lawsuit. The plaintiff was ordered to pay attorney's fees to the defendants. The plaintiff filed this suit on July 26, 2010. The award of attorney's fees did not deter the plaintiff from bringing this duplicative civil action in this Court.

This Court orders that a pre-filing injunction be issued. This Court "must ensure that the injunction is narrowly tailored to fit the specific circumstances at issue." Id. at 818. The plaintiff may not file a civil action in this United States District Court related to his discharge from employment with the

---

[4]This Court takes judicial notice of the fact that defendant Paul Boos has been deceased for a number of years. The plaintiff was advised of this fact at the hearing on November 1, 2010.

City of Wheeling in 1990 without first obtaining leave by the undersigned judge. This Court believes that this pre-filing injunction is "narrowly tailored to fit the particular circumstances of this case." Id. (internal citations omitted). This injunction shall not apply to the filing of timely notices of appeal to the Court of Appeals in the above civil action and papers filed solely in furtherance of such appeals.

B. Attorney's Fees

The Supreme Court has held that a defendant may receive attorney's fees from a pro se plaintiff only where the court finds "that the plaintiff's action was frivolous, unreasonable, or groundless, or that the plaintiff continued to litigate after it clearly became so." See Christiansburg Garmet Co. v. Equal Emp't Opportunity Comm'n, 434 U.S. 412, 422 (1978) (setting standard in action brought pursuant to Title VII of the Civil Rights Act of 1964); see also Hughes v. Rowe, 449 U.S. 5, 14 (1980) (applying same standard in civil rights action under 42 U.S.C. § 1983).

In determining whether to award fees, this Court must weigh several factors, including the financial position of the plaintiff, the reasonable value of the work actually performed on the case, the difficulty of the case, and the motivation of the plaintiff. Arnold v. Burger King Corp., 719 F.2d 63, 68 (4th Cir. 1983). This Court heard from the parties regarding the bill of costs and whether to award attorney's fees at the November 1, 2010 hearing.

This Court finds that an award of attorney's fees is appropriate in this case. The plaintiff has filed at least thirteen lawsuits involving the City of Wheeling, city council members, or city officials, all arising from the plaintiff's discharge from employment with the City of Wheeling. The plaintiff has pursued this exact lawsuit for approximately twenty years. Over that period of time, this Court and the state courts have issued opinions which are replete as to the lack of merit of the plaintiff's claim. The plaintiff knew that the present civil action was groundless, frivolous, and unreasonable as the plaintiff admits that courts have dismissed identical lawsuits on at least twelve occasions. Additionally, this Court finds that the plaintiff, in repeatedly filing suit after several dismissals and sanctions awarded against him by the state court, acted in a vexatious and harassing manner. As mentioned above, the plaintiff intends to pursue this claim until he achieves a victory. This Court finds that, while this case was not particularly difficult, the defendants' attorney had to expend time and resources to defend against this civil action. At the hearing, the plaintiff reiterated his position that the City of Wheeling discriminated against him and that he had nothing to say as to the costs being sought. The plaintiff did, however, state that he is in a position to pay attorney's fees as long as he can make payments of fifty dollars per month. Accordingly, this Court finds an award of fees

of $1,500.00, payable in installments of fifty dollars per month, appropriate.

To determine what is a "reasonable" number of hours and a "reasonable" rate, this Court must consider and make detailed findings with regard to twelve factors, commonly known as the Johnson factors. Barber v. Kimbrell's, Inc., 577 F.2d 216, 226 (4th Cir. 1978) (adopting the test from Johnson v. Georgia Highway Express, Inc., 488 F.2d. 714, 717-19 (5th Cir. 1974)). These factors include:

> (1) the time and labor expended; (2) the novelty and difficulty of the questions raised; (3) the skill required to properly perform the legal services rendered; (4) the attorney's opportunity costs in pressing the instant litigation; (5) the customary fee for like work; (6) the attorney's expectations at the outset of the litigation; (7) the time limitations imposed by the client or circumstances; (8) the amount in controversy and the results obtained; (9) the experience, reputation and ability of the attorney; (10) the undesirability of the case within the legal community in which the suit arose; (11) the nature and length of the professional relationship between attorney and client; and (12) attorneys' fees awards in similar cases.

Id. at n.28.

When computing attorney's fees for prevailing defendants, "[s]ome Johnson factors obviously have limited transferability." Arnold, 719 F.2d at 68 n.5. The Fourth Circuit has identified factors three, four, eight, and ten to have "limited relevance" in prevailing defendants' cases.

In this case, the City of Wheeling submitted a bill of costs. The city attorney performed fifteen hours of work at $100.00 per

8

hour for a total of $1,500.00.  This Court finds that fifteen hours to review the complaint, discuss the case with the client, and to research and write a motion to dismiss was appropriate. Additionally, this Court finds that a rate of $100.00 per hour is extremely reasonable for an attorney of Ms. Humway-Warmuth's experience, reputation, and ability.  After considering the Johnson factors, this Court awards $1,500.00 in attorney's fees to the City of Wheeling.  The plaintiff shall make payments beginning in December 2010 of at least fifty dollars ($50.00) per month payable to the City of Wheeling, and sent to:  Legal Department, City of Wheeling, City-County Building, 1500 Chapline Street, Wheeling, West Virginia 26003, until he has paid the amount in full.

### III.  Conclusion

For the reasons stated above, this Court ISSUES a pre-filing injunction against the plaintiff.  Accordingly, the Clerk of Court is ORDERED to refuse any new complaints for filing in this United States District Court related to his discharge from employment by the City of Wheeling in 1990 from the plaintiff before obtaining leave from the undersigned judge.[5]  This injunction shall not apply to the filing of timely notices of appeal in this civil action to the United States Court of Appeals for the Fourth Circuit and papers filed solely in furtherance of such appeals.  Furthermore,

---

[5]This injunction will not apply to suits filed in any state court, but this Court reserves the right to apply this injunction to any suit removed from state court to this Court.

this Court GRANTS the defendants' request for attorney's fees in the amount of $1,500.00. As agreed to by the plaintiff, he shall make payments of at least fifty dollars ($50.00) per month to the City of Wheeling at the above address until he has paid the amount in full.

Should the plaintiff choose to appeal the judgment of this Court to the United States Court of Appeals for the Fourth Circuit, he is ADVISED that he must file a notice of appeal with the Clerk of this Court, in Wheeling, West Virginia, within 30 days after the date of the entry of the judgment order.

It is further ORDERED that this civil action be DISMISSED and STRICKEN from the active docket of this Court.

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to the pro se plaintiff by certified mail and to counsel of record herein. Pursuant to Federal Rule of Civil Procedure 58, the Clerk is DIRECTED to enter judgment on this matter.

DATED:    November 2, 2010

/s/ Frederick P. Stamp, Jr.
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE