IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

MICHAEL J. PETROS,

    Plaintiff,

v.                                       Civil Action No. 5:10CV77
                                                     (STAMP)

PAUL BOOS and
CITY OF WHEELING, WEST VIRGINIA,

    Defendants.

**MEMORANDUM OPINION AND ORDER**
**DENYING PLAINTIFF'S LETTER MOTION TO REOPEN**

I. Background

The plaintiff in the above-styled civil action filed a complaint, proceeding pro se[1] and in forma pauperis,[2] against Paul Boos and the City of Wheeling, West Virginia. At the time that the complaint was filed, the plaintiff had brought at least thirteen civil suits arising from his termination as a sanitation employee for the City of Wheeling. This Court granted the defendants' subsequently filed motion to dismiss, and ultimately awarded the defendants attorney's fees and issued a narrowly tailored pre-filing injunction which precludes the plaintiff from filing any further complaints in this United States District Court related to

---

[1] "Pro se" describes a person who represents himself in a court proceeding without the assistance of a lawyer. Black's Law Dictionary 1341 (9th ed. 2009).

[2] "In forma pauperis" describes the permission granted to a poor person to proceed without liability for court fees or costs. Black's Law Dictionary 849 (9th ed. 2009).

his discharge from employment by the City of Wheeling in 1990 before obtaining leave from the undersigned judge. The United States Court of Appeals for the Fourth Circuit affirmed this Court's dismissal of the complaint and its issuance of a pre-filing injunction on March 4, 2011.[3]

On April 3, 2012, the undersigned judge received, via United States Postal Service, a letter motion from Michael J. Petros requesting that this Court reopen the above-styled civil action.[4] In support of this motion, Mr. Petros states that he now has proof of the claims which were the subject of this civil action. The undersigned also received an e-mail communication from a Chris Callaway,[5] who purported to write on behalf and in support of Mr. Petros' request to reopen his case.

## II. Discussion

The All Writs Act, 28 U.S.C. § 1651(a), provides federal courts with the power to limit access to the courts by "vexatious and repetitive litigants." Cromer v. Kraft Foods N. Am., Inc., 390 F.3d 812, 817 (4th Cir. 2004). This statutory power is tempered by a party's constitutional guarantees of due process of law and

---

[3]This pre-filing injunction does not preclude the plaintiff from filing an action in state court, but it does apply to cases filed in state court that are removed to this Court.

[4]Mr. Petros' letter motion has been docketed as ECF No. 40.

[5]Chris Callaway admits that he is not an attorney and does not represent Mr. Petros. Mr. Callaway's letter has been docketed as ECF No. 41.

2

access to the courts. U.S. Const. amend. XIV, § 1; Cromer, 390 F.3d at 817. A pre-filing injunction is a drastic remedy, which "must be used sparingly." Cromer, 390 F.3d at 817. Prior to issuing the pre-filing injunction against the plaintiff, this Court approached the issue "with particular caution," understanding that a pre-filing injunction against a pro se plaintiff should "remain very much the exception to the general rule of free access to the courts." Id. (internal citations omitted). Furthermore, this Court believes that it issued an injunction that was "narrowly tailored to fit the specific circumstances at issue." Id. at 818.

After review of the plaintiff's letter motion, and the e-mail correspondence received from Chris Callaway, this Court finds that is must deny the plaintiff's request to reopen the above-styled civil action. The plaintiff has failed to present any new information or evidence not presented before this and/or other courts in previous cases regarding the plaintiff's termination from his employment with the City of Wheeling, nor has his letter or Mr. Callaway's correspondence shown any cause why this case should be reopened at this time.

### III. Conclusion

Accordingly, for the reasons stated above, the plaintiff's letter motion to reopen this civil action is hereby DENIED pursuant to the pre-filing injunction previously issued by this Court against the plaintiff.

3

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to the pro se plaintiff by certified mail and to counsel of record herein.

DATED:    April 10, 2012

                                        /s/ Frederick P. Stamp, Jr.
                                        FREDERICK P. STAMP, JR.
                                        UNITED STATES DISTRICT JUDGE